# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ZEBARIAH ROHR,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C15-0046-LRR<br>No. CR14-0032-LRR<br><br>ORDER |

This matter appears before the court on Zebariah Rohr's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). Zebariah Rohr ("the movant") filed such motion on May 22, 2015.[1]

The movant raises one claim as a basis for seeking relief. Specifically, the movant contends that counsel provided ineffective assistance because counsel did not contest the two-level enhancement for possessing a dangerous weapon pursuant to USSG §2D1.1(b)(1).

---

[1] No response from the government is required because the 28 U.S.C. § 2255 motion and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Further, because the record is clear, an evidentiary hearing is not necessary, *see* Rule 8, Rules Governing Section 2255 Proceedings; *see also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating that district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating that district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

Given the record, it is apparent that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that the record belies the movant's claim and no violation of the movant's constitutional right to counsel occurred. Contrary to the movant's assertions, counsel need not pursue frivolous arguments, positions or objections at the trial level, including those that are contrary to established law. *See United States v. Cronic*, 466 U.S. 648, 657 (1984) (stating that counsel is not required to attempt a useless charade).

The record reflects that, when he entered into a plea agreement with the government, the movant stipulated to many facts, including that he was involved with a substantial conspiracy to manufacture methamphetamine, that he lived at a residence on 3rd Avenue in Mount Vernon, Iowa, that he resided at an apartment on Glass Road NE in Cedar Rapids, Iowa, that he was found to be in possession of methamphetamine and that the vehicle that he was riding in contained drugs and a functional black stun gun, which was right next to him in the center console. It also reflects that the movant understood that the United States Sentencing Guidelines provide advisory guidance to the court when it is determining the sentence to impose and that the movant's sentence would be based on facts that the court determined by a preponderance of the evidence.

With respect to the pre-sentence investigation report, paragraph 8 indicates that: (1) officers found numerous items related to the manufacture of methamphetamine at the Mount Vernon residence, (2) the movant sold some of the methamphetamine that he manufactured in such residence and (3) officers found a Walther BB handgun in the kitchen of such residence. Similarly, paragraph 9 indicates that officers located the defendant in his room at his Cedar Rapids apartment and, pursuant to their such of such room, found numerous items related to the movant's conspiracy to manufacture methamphetamine.

Several of those items—three digital scales with a white powdery residue, plastic baggies with a white powdery residue, a plastic baggie that contained methamphetamine and a Walther BB handgun—were located on top of a computer desk. Because counsel objected to the finding that a Walther BB handgun was found in the movant's apartment, the probation officer reexamined the discovery file, including the records of the Mount Vernon Police Department and the records of the Cedar Rapids Police Department, and reaffirmed that a Walther BB handgun was recovered from the movant's residence and the movant's apartment. Consequently, the probation officer did not amend the pre-sentence investigation report. The probation officer also noted that he subsequently verified with counsel that there would be no need for the court to address the movant's objection because the two-level enhancement for possession of a dangerous weapon pursuant to USSG §2D1.1(b)(1) still applied. Further, paragraph 10 reiterated that, pursuant to their vehicle search, officers located a functional black stun gun in the center console, which was adjacent to the movant's seat.

The movant correctly points out that counsel did not object to the information included in paragraph 8. But, he fails to point out that counsel did object to the information in paragraph 9. And, he also fails to point out that counsel essentially withdrew his objection to paragraph 9 when he conceded that the two-level enhancement for possession of a dangerous weapon pursuant to USSG §2D1.1(b)(1) applied. What the movant overlooks is that it was necessary to overcome the information included in paragraph 8, paragraph 9 and paragraph 10. The likelihood of doing so was incredibly unrealistic, especially considering the nature of the offense that the movant admittedly committed and the presence of dangerous weapons and drugs at multiple locations, including at the movant's residence, at the movant's apartment and in the vehicle that the movant was committing illegal acts. Given the record, there is no question that the movant possessed dangerous weapons in order to facilitate his unlawful conduct. *See, e.g.*, *United States v. Paz-Castillo*, 561 F. App'x 765, 767-68 (10th Cir. 2014) (concluding that

3

defendant failed to show that it was clearly improbable that his possession of a BB gun was committed with his possession of heroin); *United States v. Meyers*, 401 F.3d 959, 960-62 (8th Cir. 2005) (assuming that stun gun qualified as a dangerous weapon); *United States v. Malave*, 83 F. App'x 151, 152-53 (8th Cir. 2003) (applying USSG §2D1.1(b)(1)); *United States v. Simmer*, 81 F. App'x 625 (8th Cir. 2003) (finding that BB gun qualified as a dangerous weapon); *United States v. Gray*, 895 F.2d 1225, 1226 (8th Cir. 1990) (finding that an unloaded pellet gun was a "dangerous weapon" as that term was defined by USSG §1B1.1). So, the decision that counsel made with respect to USSG §2D1.1(b)(1) benefitted the movant, especially considering that the movant most likely would have lost acceptance of responsibility if he frivolously contested relevant conduct. Thus, the court is unable to conclude that counsel provided constitutionally ineffective assistance. *See Donnell v. United States*, 765 F.3d 817, 820-21 (8th Cir. 2014) (emphasizing that only errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment are actionable).

In sum, the movant misstates the record and misunderstands the law. The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that the movant's claim is without merit, especially considering that counsel represented the movant in a manner that exceeded constitutional requirements. Given the record, the court finds that the denial of the movant's motion under 28 U.S.C. § 2255 comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also Apfel*, 97 F.3d at 1076 ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). Accordingly, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied. As for a certificate of

appealability, the movant has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability under 28 U.S.C. § 2253 will not issue.

**IT IS SO ORDERED**.

**DATED** this 24th day of March, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA